UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME RATLIFF JR., <br><br> Plaintiff, <br><br> v. <br><br> TITAN TRANSFER, INC., <br><br> Defendant. | No. 17 CV 7209 <br><br> Judge Manish S. Shah |

ORDER

Defendant's motion for summary judgment [18][24] is granted in part. This case is dismissed without prejudice for lack of subject-matter jurisdiction. Enter judgment and terminate civil case.

STATEMENT

Plaintiff Jerome Ratliff filed suit against defendant Titan Transfer, Inc., for willfully violating the Fair Credit Reporting Act by failing to provide the requisite notifications under 15 U.S.C. § 1681b(b)(3)(B). This was not Ratliff's only lawsuit against companies that did not hire him after they obtained a background report on him from HireRight, LLC. In *Ratliff v. Celadon Trucking Servs., Inc.*, No. 17 CV 7163, 2018 WL 1911797, at *4 (N.D. Ill. Apr. 23, 2018), I concluded that Ratliff did not have a concrete injury necessary to establish subject-matter jurisdiction. Other judges in this district reached the same conclusion. *Ratliff v. A&R Logistics, Inc.*, No. 17 CV 2787, 2018 WL 1124412 (N.D. Ill. Feb. 28, 2018); *Ratliff v. LTI Trucking Services, Inc.*, No. 17 CV 7190, Dkt. No. 25 (N.D. Ill. May 1, 2018); *Ratliff v. Mesilla Valley Transportation, Inc., et al.*, No. 17 CV 7192, Dkt. No. 32 (N.D. Ill. May 1, 2018); *Ratliff v. Summitt Trucking, LLC, et al.*, No. 17 CV 7208, Dkt. No. 33 (N.D. Ill. May 1, 2018).

The procedural posture of this case is different because Titan Transfer moved for summary judgment and raised merits arguments in addition to the standing issue. But standing is normally considered a threshold question that must be resolved in Ratliff's favor before proceeding to the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). Ratliff disagrees with the decisions that went against him, but does not distinguish them from his case against Titan Transfer. [38] at 7–13. I remain of the view that the failure to give Ratliff the requisite notice under the FCRA is, without more, not sufficient to be a concrete

informational injury that presents a case or controversy for a federal court. *Ratliff v. Celadon Trucking Servs., Inc.*, 2018 WL 1911797, at \*3. Ratliff does not dispute that Titan Transfer received accurate information from HireRight, so its failure to comply with the FCRA did not harm Ratliff in the way the statute was intended to prevent.

The case is dismissed for lack of subject-matter jurisdiction. Since Ratliff did not pursue amendment or appeal in his other cases that were similarly dismissed, amendment here would be futile.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: August 20, 2018

2